WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>JUAN VALDEZ (D-01),<br><br>                Defendant. | No. 3:98-cr-0133–01-HRH |

O R D E R

Motion for Compassionate Release[1]

Before the court is defendant's *Amended Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)*. The motion is opposed by plaintiff,[2] and the court has authorized and received a reply memorandum on behalf of defendant Valdez.[3]

In proceedings predating <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and <u>United States v. Booker</u>, 543 U.S. 220 (2005), defendant was tried and convicted of multiple violations of 21 U.S.C. § 841(a)(1). Under then applicable Sentencing Commission guidelines, defendant's total offense level was 44, his criminal history category was II, his sentencing range was 360 months to life, and a sentence of 360

---

[1]Docket No. 637.

[2]Docket No. 643.

[3]Docket No. 646.

Order – Motion for Compassionate Release                 - 1 -

months was imposed. Based upon amendments to drug offense guidelines, defendant applied for and received a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). Defendant's total offense level was reduced to 40 and his sentence was reduced to 324months.[4]

Mr. Valdez's conviction and sentence have been subject to numerous appeals and 28 U.S.C. § 2255 applications over the years. On each occasion relief was denied.[5] Proceedings under 28 U.S.C. § 2241 have likewise been unsuccessful, Valdez v. Apker, No. 1:17-cv-01308 at Docket No. 6 (E.D. Cal.), and affirmed by the Ninth Circuit Court of Appeals, Valdez v. Apker, No. 17-17281 (9th Cir. March 12, 2018), and Valdez v. Friend, No. 1:19-cv-00911, at Docket No. 8 (E.D. Cal.), aff'd., 19-16644 (9th Cir.).

Defendant is approximately 59 years of age. He has served 21 years in prison, and his current release date is September 3, 2021. Defendant suffers from high blood pressure, high cholesterol, and anemia.[6] While incarcerated, he has obtained his GED and has participated in various legal and vocational programs. He has not been subject to any disciplinary actions in the past six years. Defendant volunteers at the prison chapel and has been employed in the prison library, assisting other inmates.

Defendant Valdez applied to BoP prison officials for a sentence reduction on August 13, 2019.[7] His application was denied on August 15, 2019.[8]

---

[4]Docket No. 601.

[5]See, for example, Docket Nos. 519, 550, 560, 584, and 622.

[6]Motion for Modification of an Imposed Sentence, attachments at 4 of 6, Docket No. 628-1.

[7]Id., attachment 2 of 6.

[8]Id. attachment 1 of 6.

The motion now before the court is expressly authorized by 18 U.S.C. § 3582(c)(1)(A). Plaintiff does not contest defendant's procedural right to seek a compassionate release. Plaintiff does contend that defendant is not "currently eligible for a modification of his sentence" under 18 U.S.C. § 3582(c)(1)(A)(i) or (ii).[9]

Motions for release based upon extraordinary and compelling reasons are no longer limited to motions made by the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A). Motions for release for extraordinary and compelling reasons may be made directly to the court by a defendant, but are, however, subject to consideration of the factors set out in 18 U.S.C. § 3553(a) and the policy statements issued by the Sentencing Commission.

In light of defendant's age, his participation in educational programs while incarcerated, his good behavior during incarceration, and the likelihood of deportation at the conclusion of his term of imprisonment, the court would not be concerned if defendant were released. The court perceives no substantial risk of harm to any person or the public, and at age 59, recidivism is unlikely. 18 U.S.C. § 3553(a) factors would not preclude a compassionate release in this case.

The court turns to the question of whether or not a sentence reduction in this case would be consistent with applicable policy statements of the Sentencing Commission. U.S.S.G § 1B1.13 provides that:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment ... if, after considering the factors set forth in 18 U.S.C. § 3553(a) ... the court determines that –
>
>    (1) (A) extraordinary and compelling reasons warrant the reduction; or
>
>    ....

---

[9] Defendant does not seek a subsection (A)(ii) sentence reduction.

(2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) the reduction is consistent with this policy statement.

The court has addressed the Section 3553(a) matter above. Defendant would not be a danger to the safety of any other person or to the community if released. The problem with defendant's Section 3582(c)(1)(A) motion flows from the fact that U.S.S.G § 1B1.13 has not been updated by the Sentencing Commission. This guideline and application note 1(D) still require a determination by the Bureau of Prisons that there exists in defendant's case an extraordinary and compelling reason to release defendant for reasons other than those set out in application notes A-C, which defendant does not rely upon in his motion.

The Sentencing Commission's authority to promulgate general policy statements is found in 28 U.S.C. § 994(a), which provides in pertinent part that:

> [T]he Commission, and pursuant to its rules and regulations and <u>consistent with all pertinent provisions of any Federal statute</u> shall promulgate ...
>
> ....
>
> (2) general policy statements regarding application of the guidelines or any other aspect of sentencing or sentence implementation ... including the appropriate use of –
>
> ....
>
> (C) the sentence modification provisions set forth in sections ... and 3582(c) of title 18[.]

Moreover, and directly pertinent to what is before this court, is the requirement of 28 U.S.C. § 994(t) that the Sentencing Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction." This the Sentencing Commission has not done; and, as other courts have observed, it is unlikely

Order – Motion for Compassionate Release                                                      - 4 -

that the Sentencing Commission will soon update the guideline in question due to the lack of a quorum.  United States v. Cantu, 2019 WL2498923 at *2 n.1.

At present, U.S.S.G. § 1B1.13 is not consistent with 18 U.S.C. § 3582(c)(1)(A).  Whereas that statute authorizes a defendant to apply directly to the court for a sentence reduction, U.S.S.G. § 1B1.13 still makes provision for sentence reduction motions to be made only by the Bureau of Prisons, and application notes do not define "extraordinary and compelling reasons."  Thus the question before the court is whether or not this court can look beyond U.S.S.G. § 1B1.13 for purposes of determining what constitutes extraordinary and compelling reasons for a sentence reduction.

This court concludes that it is no longer bound to look to the director of the Bureau of Prisons for a definition of extraordinary and compelling reasons beyond application note 1(A) through (C).   In a well-reasoned and authority-dense order, Judge Marmolejo of the United States District Court for the Southern District of Texas, Laredo Division, has concluded that

> [T]he correct interpretation of § 3582(c)(1)(A) – based on the text, statutory history and structure, and consideration of Congress's ability to override any of the Commission's policy statements "at any time," Mistretta v. United States, 488 U.S. 361, 394 (1989) – is that when a defendant brings a motion for a sentence reduction under the amended provision, the Court can determine whether any extraordinary and compelling reasons other than those delineated in U.S.S.G. § 1B1.13 cmt. n.1(A)-(C) warrant granting relief.

United States v. Cantu, 2019 WL2498923.

The court next turns to the question of whether or not defendant Valdez's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and U.S.S.G. § 1B1.13, including application note 1(A) through (D), should be granted because of his circumstances.  The fact that the Sentencing Commission has not updated U.S.S.G. § 1B1.13 is

in and of itself an extraordinary circumstance, but it is one that should not preclude a defendant from seeking the kind of compassionate release that Congress plainly intended in amending 18 U.S.C. § 3582(c)(1)(A).

The court begins with the Cantu court's definition of extraordinary and compelling reasons in light of the fact that Congress, in amending Section 3582(c)(1)(A), did not see fit to define those terms. Looking to Black's Law Dictionary, the Cantu court defined "extraordinary" as "[b]eyond what is usual, customary, regular, or common." Black's Law Dictionary (10th ed. 2014). From that definition, the Cantu court extrapolates a definition for "compelling need" as a reason "so great that irreparable harm or injustice would result if [relief] is not [granted]." Id.

In his reply memorandum, defendant summarizes his reasons for seeking a sentence reduction.[10] Defendant urges that he has been incarcerated for in excess of 20 years "for a sentence that would not survive constitutional scrutiny today."[11] That may be true, but in fact defendant's conviction did survive constitutional scrutiny. Defendant's sentence is not subject to review for constitutionality at this time. Unfortunate as defendant's circumstances may be, the fact is that law does evolve and there is nothing extraordinary about it.

Defendant urges that he has demonstrated extraordinary rehabilitative potential. In this regard, he points out that he has pursued legal education and is regularly employed in the prison library. The court is impressed with defendant's efforts at improvement, but that is customarily expected of prisoners who are incarcerated.

---

[10]Reply in Support of Amended Motion for Compassionate Release at 3, Docket No. 646.

[11]Id.

Defendant argues that his disciplinary history is unremarkable and that he will not be prone to making the same bad choices that resulted in federal prosecution. Again, defendant's good behavior is customarily what is expected of federal prisoners.

Finally, defendant observes that he is likely to be deported upon release, and that deportation would diminish any possible risk to public safety. The court does not see defendant as a public safety risk, irrespective of whether he is deported, but that is not an extraordinary situation, nor is the fact that he is likely to be deported upon completion of his sentence extraordinary.

In evaluating the foregoing, the court has borne in mind defendant's age and medical condition. Defendant's medical condition is not unusual in a person of his circumstances and age, and in none of the foregoing has there been a showing that a failure to release defendant would result in irreparable harm or injustice.

The amended motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is denied.

DATED at Anchorage, Alaska, this <u>31st</u> day of December, 2019.

/s/ H. Russel Holland
United States District Judge